UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

ALVIN J. WALTON           )
                          )    No. 1:09-0089
     v.                   )    (Crim. No. 1:03-00014)
                          )    Judge Echols
UNITED STATES OF AMERICA  )

## MEMORANDUM

Pending before the Court is Petitioner Alvin J. Walton's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody" (Docket Entry No. 1). The Government has filed a response in opposition to that Motion (Docket Entry No. 10), and Peittioner has filed a reply. (Docket Entry No. 17).

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 22, 2003, Petitioner was indicted by a federal grand jury on a charge of possession with intent to distribute in excess of 5 kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1). That charge arose after a Chevrolet Suburban driven by Petitioner was stopped on I-40 by Officer Shane Fisher of the 21st Judicial District Drug Task Force and several gift wrapped boxes were found to contain cocaine.

Counsel for Petitioner filed a Motion to Suppress which the Court denied by written order dated November 12, 2004. On December 20, 2004, Petitioner entered a conditional plea of guilty, reserving the right to appeal the denial of his Motion to Suppress. On January 30, 2006, Petitioner was sentenced to 120 months imprisonment, five years of supervised release, a $7,500 fine, and a $100 special assessment.

After sentencing, a timely notice of appeal was filed. On December 12, 2007, in a 2-1 decision, the United States Court of Appeals for the Sixth Circuit affirmed this Court's ruling on the Motion to Suppress. The majority opinion was written by Circuit Judge Griffin and joined by Circuit Judge Batchelder. A dissenting opinion was filed by Circuit Judge Boggs.

1

A Petition for Rehearing before the original panel was filed by Petitioner's attorney on January 2, 2008, and denied by Order dated January 15, 2008. The January 15, 2008 Order noted that Circuit Judge Boggs would have granted the request for rehearing in light of his dissent to the original panel opinion. At some point after this denial for rehearing, Petitioner's counsel sent another Petition for Rehearing, but that petition was not filed and was returned by the Clerk on February 13, 2008 with the explanation that neither the federal appellate rules nor the Sixth Circuit rules allowed for successive petitions for rehearing.

On February 21, 2008, counsel for Petitioner filed a Petition for Rehearing *En Banc*. The Petition was denied by Order dated December 17, 2008. In that Order, the Sixth Circuit observed that while neither the federal rules nor the Sixth Circuit rules prohibited the filing of successive petitions for rehearing and rehearing *en banc*, there was no basis to allow the practice. The Sixth Circuit also noted that the February 21, 2008 request for rehearing *en banc* was untimely because it was filed "more than fourteen days after the entry of judgment." Petitioner's Section 2255 Motion was filed on December 15, 2009.

## II. STANDARD OF REVIEW

To prevail on a § 2255 motion, the Petitioner must establish either an error of constitutional magnitude that had a substantial and injurious effect or influence on his criminal proceeding, see Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993), or the record must reflect a fundamental defect in the proceedings that inherently resulted in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 512 U.S. 339, 348 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir. 1993). Claims of error must be raised in the trial court and on direct appeal or such claims are procedurally defaulted. See Phillip v. United States, 229 F.3d 550, 552 (6th Cir. 2000).

Under Rule 8 of the Rules Governing Section 2255 Proceedings, the Court "must review the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule

2

Case 1:09-cv-00089   Document 18   Filed 04/30/10   Page 2 of 7 PageID #: 73

7 to determine whether an evidentiary hearing is warranted." Petitioner is not entitled to an evidentiary hearing if the § 2255 motion and the record of the case conclusively show that he is not entitled to relief. See Green v. United States, 65 F.3d 546, 548 (6th Cir. 1995). Finally, when the trial judge also hears the collateral proceedings, the judge may rely on his recollections of the prior proceedings in ruling on the collateral attack. Blanton v. United States, 94 F.3d 227, 235 (6th Cir. 1996).

### III. ANALYSIS

In his Section 2255 Motion, Petitioner raises four grounds, all of which relate to the alleged ineffective assistance of his counsel on appeal, John S. Colley, III. In the first three grounds, Petitioner asserts that counsel was ineffective in failing to file timely a petition for rehearing *en banc* and for writ of certiorari. In his fourth ground, Petitioner claims that "[c]ounsel [was] ineffective in arguing suppression, guidelines, specific performance on appeal."[1] (Docket Entry No. 1 at 9).

To establish ineffective assistance of counsel, Petitioner must show that his counsel's performance was deficient and that the deficiency prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Evitts v. Lucey, 469 U.S. 387, 396 (1985). Petitioner must show that counsel made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment, and that there is a reasonable probability that the lawyer's errors prejudiced the outcome of the proceedings against him. Strickland, 466 U.S. at 687; Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999).

A reasonable probability is one sufficient to undermine confidence in the outcome; it is a less demanding standard than "more likely than not." Strickland, 466 U.S. at 697. A court need not address both parts of the Strickland test if the Petitioner makes an insufficient showing on one. Id.

---

[1] The sparse "supporting facts" set forth by Petitioner suggest that his reference to "specific performance" appears to be a claim that, in light of the fee counsel charged, Petitioner should have received a better result on his appeal.

3

Petitioner's first three grounds which assert ineffective assistance of counsel because counsel did not timely file a petition for rehearing *en banc* and a petition for writ of certiorari must be rejected because Petitioner was not entitled to counsel for such stages of the proceedings in the first place. Identical claims were rejected in McNeal v. United States, 1995 WL 290233 (6th Cir. 1995) wherein the Sixth Circuit wrote:

> . . . A defendant is entitled to effective assistance of counsel on the first appeal of his conviction where such an appeal is a matter of right. Evitts v. Lucey, 469 U.S. 387, 396 (1985). However, the Supreme Court has held that a defendant in a state criminal case does not have a constitutional right to counsel in pursuing discretionary review in the state supreme court. Wainwright v. Torna, 455 U.S. 586, 587 (1982). Neither is there a constitutional right to counsel in pursuing an application for discretionary review (certiorari) in the Supreme Court of the United States. Ross v. Moffitt, 417 U.S. 600 (1974).
> 
> It is apparent from both this court's local rules and the Federal Rules of Appellate Procedure that the granting of a rehearing *en banc* by this court is discretionary. See Fed. R. App. P. 35(a); Rule 14(c), Rules of the Sixth Circuit. The logic of Wainwright and Ross is that there is no constitutional right to counsel in seeking rehearing *en banc* – and where there is no constitutional right to counsel, the client's constitutional rights cannot be violated by the allegedly defective performance of his lawyer.

Id. at **1-2. More recently, the Sixth Circuit noted that reference to Strickland is unnecessary where a claim is that counsel was ineffective in failing to petition for a writ of certiorari because review by the Supreme Court is discretionary and thus a petitioner does not have a right to any counsel, let alone effective counsel. Washpun v. United States, 109 Fed. Appx. 733, 735 (6th Cir. 2004). While "[t]he Sixth Amendment guarantees that at trial and on direct 'first tier' appeal every criminal defendant will have access to a lawyer to assist his or her defense . . . the Constitution does not entitle a defendant to the assistance of counsel for a discretionary appeal" and "so the failure to file for such review cannot amount to constitutionally ineffective assistance." Nichols v. United States, 563 F.3d 240, 248 (6th Cir. 2009).

Moreover, even if Strickland did apply, Petitioner cannot show there is a reasonable probability that counsel's failure to seek further appellate review prejudiced Petitioner. Neither

4

petitions for rehearing *en banc* or for writs of certiorari are vehicles for plenary review of pedestrian panel decisions.

Under Rule 35 of the Federal Rules of Appellate Procedure, an *en banc* rehearing is "not favored" and is ordinarily not permitted unless "(1) en banc consideration is necessary to maintain or secure uniformity of the court's decisions; or (2) the proceeding involves a question of exceptional importance." Fed. R. App. 35(a). Further, the Sixth Circuit Rules make clear that only the rare case will be given *en banc* consideration by providing:

> **Extraordinary Nature of Petition for Rehearing En Banc.** A petition for rehearing en banc is an extraordinary procedure intended to bring to the attention of the entire court a precedent-setting error of exceptional public importance or an opinion that directly conflicts with Supreme Court or Sixth Circuit precedent. Alleged errors in the determination of state law or in the facts of the case (including sufficient evidence), or errors in the application of correct precedent to the facts of the case, are matters for panel rehearing but not for rehearing en banc.

6th Cir. R. 35(c).

Similarly, the Supreme Court rules governing certiorari provide that "[a] petition for writ of certiorari will be granted only for compelling reasons," such as where a federal court of appeals enters a decision which conflicts with the decision of another federal court of appeals, or where a decision "has so far departed from the accepted and usual course of judicial proceedings, or sanctioned such a departure by a lower court, as to call for an exercise of [the Supreme] Court's supervisory powers." Sup. Ct. Rule 10 & 10(a). Therefore, "[a] petition for writ of certiorari is rarely granted when the asserted error consists of erroneous factual findings or the misapplication of a properly stated rule of law." Sup. Ct. Rule 10.

Here, Petitioner claims that he was prejudiced by counsel's failure to seek discretionary review of the panel's decision simply because Circuit Judge Boggs filed a dissenting opinion. However, even the broadest reading of the dissent does not make it even remotely likely that discretionary review would have been granted.

5

Circuit Judge Boggs' quarrel with the majority was not that it improperly stated the law, that it charted new ground, or that it was so far afield from controlling law that it required further review. Rather, his dispute with the majority centered upon whether, once the Terry stop had been made, the facts "created the requisite 'reasonable suspicion to continue the lawful detention that began with the stop." United States v. Walton, 258 Fed. Appx. 753, 759 (6th Cir. 2007). He believed that they did not, while the majority believed that they did – a quintessential case of reasonable minds differing on how the facts meshed with the applicable law. Such disputes are hardly extraordinary and are unlikely to warrant discretionary review. Petitioner simply has not shown a reasonable likelihood that the outcome would have been different if counsel had timely filed a request for rehearing *en banc* or a petition for writ of certiorari.

Petitioner's final claim merits little discussion. Without any elaboration, Petitioner claims that counsel was ineffective in "arguing suppression" and in failing to challenge the "guidelines as applied to defendant" as those "issues [were] preserved . . . with [his] guilty plea."[2] (Docket Entry No. 1 at 9). The former is fully belied by the appellate opinion which indicates counsel addressed the same four issues presented in this Court, to wit, (1) probable cause did not support the traffic stop; (2) T.C.A. § 55-8-124 was unconstitutionally vague; (3) Petitioner's continued detention was unlawful; and (4) his consent to the search was involuntary. Walton, 258 Fed. Appx. at 753-54. While the appellate court only addressed the third issue in detail, the remaining issues were fully and fairly presented and the Sixth Circuit affirmed on those issues "for the reasons stated by the district court." Id. at 756.

---

[2]While Petitioner filed a lengthy "Memorandum of Law in Support of Movant's Motion to Vacate" (Docket Entry No. 11) and a reply (Docket Entry No. 17), both deal only with Petitioner's contention that he was denied effective assistance of counsel in relation to the failure to file a petition for further discretionary review. He does not address counsel's purported failures in presenting the suppression or guideline issues to the appellate court.

6

Petitioner's vague assertion that counsel was ineffective in relation to the "guidelines," fails to show that counsel's performance was deficient under Strickland. "'To demonstrate the first prong [of Strickland], the petitioner must point to specific errors in counsel's performance,' . . . and the reviewing court must subject the allegations to rigorous scrutiny, determining 'whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.'" Nichols, 563 F.3d at 249 (internal citations omitted). Petitioner's guideline claim fails rigorous scrutiny because he does not even identify the purported error or omission of counsel.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody" (Docket Entry No. 1) will be denied and this case will be dismissed with prejudice. No certificate of appealability will issue because Petitioner cannot demonstrate that reasonable jurists would find debatable or wrong this Court's conclusion that counsel was not ineffective on appeal or that any alleged ineffectiveness prejudiced the Petitioner. See Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

An appropriate Order will be entered.

ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE